The opinion of the court was delivered by
Breaux, J.
A number of the taxpayers of the city of Monroe brought this action to enjoin the city tax collector from collecting a special tax levied in favor of the Houston, Central Arkansas & Northern Railroad Company.
The Reynolds & Henry Construction Company, assignees of the railroad company, are the parties in interest as defendants.
Plaintiffs in injunction alleged a number of grounds against the legality of the tax, such as that the petition for the election was not signed by the requisite number of taxpayers; that the commissioners of election did not make a list of the property taxpayers who voted at the election; that no return was made of the election and that no return has ever been announced or promulgated; that the election was not carried by a majority in amount and number; that the railroad company had not earned the tax; that the defendant had agreed to surrender all its rights to the tax, and that they are attempting to extort an amount under the guise of a claim for public work. The defendants excepted to plaintiff’s action, controverted each of the grounds set forth, and interposed the plea of res judicata as a complete bar to all complaints alleged by the plaintiffs.
The judge of the District Court sustained the exception and dismissed the suit.
The plaintiffs appeal.
All the questions here raised were expressly passed upon in the different cases in which the Mayor and City Council of Monroe were parties.
The contention of the plaintiffs is that the issues decided heretofore do not bind them, because they were not parties to the causes, and that they were not represented by the Mayor and City Council of Monroe. ♦
There was unquestionably an election held; a return of election was made and the result announced.
*1041 If there were irregularities committed in the election the remedy, in so far as relates to the election, is no longer within the jurisdiction of this court. It had been settled by repeated decisions that this court, in the absence of express law authorizing a contest, was without authority to examine into the validity of an election.
The leading case upon the subject was the case of the State vs. Judge, 13 La. 89. The opinion was subsequently affirmed and reaffirmed.
In State ex rel. Woodruff vs. Police Jury, 41 An. 851, this court said: “The Legislature was charged with the function of ordering this election and regulating the mode in which the votes should be cast and returned, and the result ascertained and proclaimed. It has exercised this function, and it has not seen fit to authorize any appeal to the court.”
The rule of interpretation under which questions regarding the regularity of elections were excluded from the courts had become thoroughly known. It no longer admitted of any discussion. The courts exerted functions only to compel officers to discharge ministerial duties in election.” 41 An. 851.
In 1892 the subject was brought to the attention of the Legislature. It resulted in the adoption of Act 106 of the statutes enacted during the session of that year.
It was expressly provided, in order to invest the courts with authority, which they did not previously have, that an election to impose a tax may be contested before any court of competent jurisdiction on grounds of “fraud, illegality or irregularity, within three months after the promulgation of the result of the election contested.”
The election in this case was held in 1888; the tax was assessed; it was said at bar that it had been partly paid; the work has been performed; it is now, we think, no longer possible under the statute to assume jurisdiction to inquire into and determine whether an election has been legally held.
The denial on the part of the contestants that an election has been held and promulgated can not be given the effect of reopening issues of fact which must be considered closed in view of the several decisions upon that very issue. In other words, it is not possible to contest an election by denying a promulgation of the result made to appear by sufficient legal evidence.
*1042 The decree regarding the promulgation of the returns was rendered in 1894.
The court after having considered the Statute No. 84 of 1880, and the ordinance of tne City Council calling the election, came to the conclusion that the result might be announced, as it was announced. It is now too late, we think, to raise the question of want of promulgation, or rather of. irregularity, in announcing the result. The taxpayers are bound by the result announced.
This conclusion, in effect, disposes of all questions connected with or growing out of the election. The conclusion reached in regard to the validity of the election carries with it, in our view, a complete settlement and determination of all issues growing out of the facts prior to the promulgation of the return as well as of the promulgation itself.
We would not feel justifiable, after having held that the election was valid, were we now to decide that it was invalid for any cause preceding the date before stated. The popular verdict was in favor of the tax; that puts an end to controversies upon which the voters have passed and bound themselves by the submission made to the popular will of the city.
There are issues that arose after the election had been promulgated, which, in our opinion, are barred by the plea of res judicata. They are, that the grantees did not begin and prosecute the work in accordance with their contract; that they abandoned the work, and, besides, for a consideration expressed, it is alleged, gave up all claims to the tax in question; that the collection should not be made on the roll of 1894, but on the roll of 1889.
These issues can not be of any avail to the plaintiffs in this action. They have been heretofore expressly decided. The Mayor and City Council who were parties to the litigation were to an extent constituted the agents of the city of Monroe by the act of 1886.
There was a legal agency in matters relating to the contract; the Mayor and council were the parties primarily bound to see to payment for the work. In matter of prescription, for instance, suit against the town operated as an interruption as to all parties concerned. To avoid returning to the subject of prescription we will pass upon the plea of prescription at this time. We think it enough to say that the taxpayer is not entitled to the benefit of that plea, the claim not being prescribed between the parties.
*1043 Recurring to the plea of res judicata, there were no rights personal to the taxpayers which remained unaffected by the action brought against the city authorities and the decisions rendered in the actions. The jurisprudence of this State, it is true, has given to the taxpayers a right of action to defend themselves against an alleged wrong. But it must be timely urged. The taxpayers took no part in the proceedings conducted, we may say, in their presence; they failed to avail themselves of the opportunity offered to contest the tax, and permitted the issues to be decided without their intervention.
In Parker vs. Scogin, 11 An. 631, this [court held in a case similar on the point here involved, that “ the nature of municipal corporations is such that they of necessity represent all the citizens of the territory in a matter relating to taxation.” The principle is not without limit, save where as in this case there is much that is in character tacit acquiescence.
“There was a moral identity of parties.” Johnson vs. Weld, 8 An. 129.
In another case this court said: “The jury represents the parish, its property owners and taxpayers, and these latter must be bound by a judgment rendered by a court upon evidence and issue joined and without collusion.” Shields vs. Tax Collector, 32 An. 409.
We are referred to the two cases, State ex rel. Reynolds & Henry Construction Co. vs. Mayor, 46 An. 1276; State ex rel. Reynolds & Henry Construction Company vs. Mayor, 47 An. 1289.
Neither can have any applieation to the alleged invalidity of the election, and neither affords support to any position regarding the invalidity of an election when the action contesting the election has not been timely brought. The legal effect of the decree does not control the plea of res judicata.
With reference.to res judicata the facts and circumstances compel us to the conclusion reached in Vincent vs. Phillips, 48 An. 356.
The decisions heretofore rendered “ must be taken to have settled the law of the case and to have fixed the rights of all parties in respect to this suit whether it be strictly and technically res judicata or not,” citing a long list of applying decisions.
It is therefore ordered and adjudged that the judgment appealed from, decreeing that the election held to ascertain the sense of the property taxpayers of the city of Monroe was, in every respect, *1044 valid, also the return of the election and the promulgation of the result, is affirmed.
With reference to the remaining issues it is ordered and adjudged that the plea of res judicata applies.
The judgment is affirmed.