(51 South. 658.)

No. 17,664.

FOLSE et al. v. POLICE JURY et al.

(Jan. 31, 1910. Rehearing Denied Feb. 28, 1910.)

*(Syllabus by the Court.)*

On Motion to Dismiss the Appeal.

1. COURTS (§ 224*)—SUPREME COURT—JURISDICTION—APPEAL FROM JUDGMENT DECLARING STATUTE UNCONSTITUTIONAL.

The plaintiffs sought in this suit to contest and have set aside an election held to take the sense of the property holders of the First Ward of the parish of Iberville in relation to consenting to a tax of two mills per annum for public school purposes under article 232 of the Constitution of 1898, also to annul and set aside on grounds not questioning the legality of the election, an ordinance enacted by the police jury of that parish in enforcement of the tax voted at the said election, and to have declared unconstitutional Act No. 84 of 1906, under which it was alleged that the school board of Iberville was preparing to issue bonds and to dedicate to their payment the taxes voted at the election. The defendants denied the power and authority of the court to entertain jurisdiction of a contest of election, but, in the event it had jurisdiction, they pleaded in bar of the action the prescription of three months. They further filed in bar of the action an exception of no right nor cause of action. The case was disposed of on trial of the exceptions. The district court overruled the exceptions of no right nor cause of action, and that of prescription, and rendered judgment setting aside the election, and also the ordinance enacted to enforce the tax and decreed Act No. 84 of 1906 unconstitutional.

The board of school directors have appealed. Plaintiffs have moved to dismiss the appeal.

Plaintiffs having sought to have a tax on property annulled and set aside as illegal, and to have an act of the General Assembly declared unconstitutional and having been sustained by the Court in both positions, the party cast has a right of appeal to the Supreme Court. The appeal is sustained.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

On the Plea of Prescription and the Exception of no Cause of Action.

2. SCHOOLS AND SCHOOL DISTRICTS (§ 97*)—BONDS—ELECTION ON QUESTION OF ISSUE—CONTESTS—PRESCRIPTION.

The prescription of three months pleaded was well grounded. The Court erred in overruling it and in maintaining the suit in so far as it contested the election. It should have sustained the exception of prescription and no cause of action, and dismissed the demand in so far as it contested the election.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 97.*]

On the Merits.

3. SCHOOLS AND SCHOOL DISTRICTS (§ 97*)—BONDS—ELECTION ON QUESTION OF ISSUE—CONTEST—TRIAL.

The court on trial of the exceptions should not have passed on the merits. The case was not at issue. The judgment on the merits is annulled, avoided, and reversed, and the case remanded for further proceedings according to law.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 97.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; L. B. Claiborne, Judge.

Action by L. N. Folse and others against the Police Jury and Parish School Board of Iberville. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

M. L. Levy, Edward N. Pugh & Sons, Alexander Hebert, and Walter Lemann, for appellants. E. B. Talbot, for appellees.

NICHOLLS, J. L. N. Folse, representing himself as a resident and taxpayer of the First Ward of the parish of Iberville, joined by two private corporations representing themselves also as residents and taxpayers of said ward, brings this action. In this peti-

tion he alleged: That in the month of January, 1907, certain persons pretending to represent one-third of the taxpayers of the First Ward in said parish, but, in fact, representing a small minority thereof, and less than one-fifth, presented a petition to the police jury of said parish, and pretending to act under article 252 of the Constitution, Act 131 of 1898, Act 214 of 1902, and Act 167 of 1904 of the Legislature of the state, requesting that a special election be held in said ward of the parish to submit to the taxpayers legally qualified to vote the levying of a tax of two mills on the dollar annually for the period of 20 years for the purpose of purchasing sites for schoolhouses and constructing and remodeling schools in said ward, and particularly described in said petition, a copy of which is annexed hereto for reference.

That on the 4th of March, 1907, the police jury of the said parish in virtue of said petition, and acting thereunder, illegally, wrongfully, and without authority in law, ordered an election to be held at the precincts in said ward according to the general election laws of the state, and the president of said police jury illegally issued a proclamation for an election to be held on April 9, 1906, in said ward to determine whether or not a special tax of two mills on the dollar annually on all the taxable property in said ward for a period of 20 years for school purposes should be levied as will appear from the proclamation annexed hereto for reference.

That on the 9th of April, 1907, in pursuance of said proclamation, a pretended election was held in said ward of the parish of Iberville at Bayou Goula and White Castle precincts for the objects and purposes mentioned in said proclamation, and on the 23d of April, 1907, the supervisors of election illegally declared that the election to determine whether or not said special tax of two mills on

the dollar for a period of 20 years should be levied for school purposes had been carried. by an affirmative vote of 63 voters, representing a total assessment of $269,432.50, against 2 votes representing a total assessment of $40,945. That on the 1st of July, 1907, the police jury of said parish illegally, and in violation of law, proceeded to adopt a resolution levying a special tax, as follows:

"On motion of O. S. Templet, seconded by J. A. Carville, and unanimously carried, a special tax of two mills on the dollar is hereby levied in the First Ward school district, to be appropriated to secure a site and to construct one three-room graded school building at or near both New Camp and Sams Town, construct an adequate graded and high school building combined in the town of White Castle, remodel Bayou Goula schoolhouse into an adequate three-room graded school building, or establish and maintain a transfer line from Augusta to Bayou Goula for need of the community and institute and maintain transfer lines for the school children from the store building of Berthelot Brothers to White Castle, and such other places in said First Ward as may be considered expedient."

That the resolution of the police jury of said parish on the 4th day of March, 1907, ordering said election in the First Ward for a special tax, and the proclamation of the president of the police jury in pursuance thereof, and the election pretended to have been held in said Ward on the 9th of April, 1907, for a special tax under said proclamation, and the ordinance of the police jury of said parish of the 1st of July, 1907, pretending to levy said special tax, all of which is herein set forth, are illegal and without authority in law and null and void for the following reasons:

That the petition on which said proceeding, the election, and the aforesaid ordinances of the police jury are based contains the names of only 97 of the property tax payers of the First Ward of the said parish, which is less than one-third, or one-fifth of the taxpayers of the said ward entitled and qualified to vote for said special tax, and said ward

numbers 959 taxpayers who were qualified to vote at said election for the levy of said tax under article 232 of the Constitution and the statutes thereunder.

That the property tax payers of said ward who voted at said election failed to indicate in any manner whatever what property he voted, and failed to indorse or cause to be indorsed on the ballot he cast for or against said tax what property he voted and assessed to him. The form of the ballot used at said election is hereto annexed as part of this petition. That the said ordinance of the 1st of July, 1907, for the levy of a special tax is null and void for the further reason that it does not designate or fix the year or the years for which said special tax shall be levied or for what period it shall be levied annually, and the taxable property on which said tax shall be levied as required by law.

That to the great injury and wrong of petitioners the school board of the parish of Iberville is preparing and proceeding illegally and without any authority in law under said void ordinance to issue bonds for more than $40,000 payable in annual installments for a period of 20 years, and bearing interest at the rate of 5 per cent. per annum, and dedicating the proceeds of said special tax for the next 20 years for the payment or redemption of the said bonds in principal and interest, and that a writ of injunction directed to said school board prohibiting it from issuing said bonds is necessary in order to protect the rights and property of petitioners on petitioners furnishing bond and security in such sum as may be fixed by this honorable court. That A. A. Browne, sheriff and tax collector of said parish, is illegally proceeding to collect said special tax under the aforesaid ordinances of the police jury on the property of petitioners in said ward, and which tax amounts to over $250, and will collect the same from petitioners to great and irreparable injury, unless restrained by a writ of injunction prohibiting him from collecting or proceeding to collect said tax, and which writ is necessary to protect and preserve the rights and property of petitioners on petitioners furnishing bond and security in such sum as may be fixed by this honorable court.

In view of the premises, they prayed that the police jury of the parish of Iberville be cited, that the ordinance of said police jury of March 4, 1907, ordering an election in the First Ward of said parish on the 9th of April and the ordinance of the 1st of July, 1907, levying a special tax on the property in said ward as set forth in the petition and the election held in said ward on the 9th of April, 1907, for the purpose of determining whether or not a special tax of two mills on the dollar for a period of 20 years should be levied, and all of the proceedings of said police jury under said ordinances and said election, may be set aside and declared and decreed to be null and void, and not binding on petitioners, and petitioners prayed that the school board of said parish be served with a copy of this petition and cited according to law, and that a writ of injunction issue, directed to said school board, restraining and prohibiting it from issuing directly or indirectly bonds as herein set forth, and dedicating said special tax or the proceeds thereof for the payment of said bonds and after due proceedings the said injunction be perpetuated.

And that a writ of injunction issue directed to A. A. Browne, sheriff and tax collector of said parish, restraining and prohibiting him from collecting or proceeding to collect said special tax on the property of petitioners in First Ward until the further order of this honorable court, on petitioners furnishing bond and security in such sum as may be fixed by this honorable court and according to law. And in duty bound petition-

ers prayed for all general, special, and equitable relief.

On reading the petition, an injunction was ordered to issue as prayed for.

Accompanying the petition was a copy of the ballot used at said election of April 9, 1907. The school board (as also the police jury) moved to dissolve the injunction with damages on the ground that the petition set forth neither a right nor cause of action, since on the face of the papers more than three months had elapsed since the promulgation of the election attacked in said petition, and all matters therein set out were barred and prescribed.

The parish board directors (as also the police jury) filed additionally an exception to the demand of the plaintiffs on the ground that it set forth neither a right nor cause of action and an exception of prescription of three months.

Plaintiffs filed an amended and supplemental petition, in which adopting and affirming the allegations in the original petition they alleged: That the amount of taxes that petitioners will be compelled to pay during the period of the special tax proposed to be levied in said First Ward and as set forth in the proceedings of the police jury would exceed the sum of $2,000. That the bonds proposed and intended to be issued by the school board to cover the whole amount of the said special tax for the period of 20 years was in pursuance of Act 84 of the Legislature of 1906. That said act was unconstitutional. That article 232 of Constitution of 1898 did not provide for or contemplate the issuance of bonds under said article. That article 281 of the Constitution of 1898, amended in 1904 and 1906, alone authorized the issuance of bonds by school districts or wards, and impliedly prohibited the issuance of bonds, and thereby creating a debt under any other provisions of said Constitution. That it was only recently that the said school board pre-

125 La.—20

pared to issue bonds, and petitioners were informed that said bonds were being printed, but the same had not been negotiated.

Petitioners adopting the prayer of the original petition further prayed that Act 84 of Legislature of 1906 be declared unconstitutional, null, and void, and a copy of this amended petition served on A. H. Gay, president police jury, and G. W. McFall, president school board, and in duty bound petitioners pray for all general, special, and equitable relief.

On March 30, 1907, the court for reasons orally assigned rendered judgment adjudging and decreeing that the exceptions filed be overruled and that the ordinance of the police jury of March 4, 1907, ordering an election in the First Ward of said parish on the 9th of April, 1907, and the ordinance of the 1st of July, 1907, levying a special tax on the property in said First Ward, and the election held in said ward on the 9th of April, 1907, as set forth in the petition, and Act 84 of the Legislature of 1906 were null and void and unconstitutional, and particularly Act 84 of the Legislature of 1906.

A new trial having been refused, the parish school board has appealed.

Appellees have moved to dismiss the appeal on the ground that the Supreme Court is without jurisdiction, the amount in contestation not exceeding $2,000.

### On Motion to Dismiss.

Plaintiffs contested the legality of a tax sought to be enforced on their property, and prayed to have the statute under which the school board was alleged to be preparing to issue bonds decreed unconstitutional. They were sustained in the district court in both of the contentions made by them. Under such circumstances the party cast has a right of appeal. The application to dismiss the appeal is denied and the appeal maintained.

## On the Merits.

The election which the plaintiffs seek to have set aside was held on April 9, 1907. Plaintiffs' petition, seeking to have the election set aside, was filed on January 2, 1908, more than seven months after the promulgation of the results of the election. Defendants resist plaintiffs' demand on the ground that assuming that the judiciary was vested with power, authority, and jurisdiction to entertain a contest of election, such as is the one before us, a suit for that purpose should have been filed within three months of the election, and, the present suit not having been instituted inside of the time limit, plaintiffs' right in that respect, if any they ever had, was barred by prescription of three months.

The position taken by defendant school board is set out in the brief on its behalf in the following language:

"In the year 1892 the Legislature enacted Act 106, which provides for the contesting of elections held under articles 209, 242, and 250 of the Constitution of 1879, provided the suit be brought within three months after the promulgation of the result of the election, the said election under said statute being allowed to be contested on grounds of fraud, illegality, or irregularity. This is the only statute extant which permits of suits such as the one at bar. In 1898 the present Constitution was adopted, and there has been no law enacted since the adoption of that Constitution providing for the contesting of the elections provided for under the Constitution of 1898. Act 106 of 1892 refers, eo nomine, to elections held under certain specified articles of the Constitution of 1879. The suit at bar is an attempt to contest an election held under article 232 of the Constitution of 1898. The serious question presented at the threshold on this case is whether there is any law authorizing the courts of this state to take jurisdiction of suits instituted to contest elections held under articles of the Constitution of 1898. That, in the absence of special statutory authorization, courts are without jurisdiction, ratione materiæ, to entertain cases of contested elections, there can be no question under the settled jurisprudence of this state. Act 106 of 1892, having reference specially and particularly to certain specified articles of the Constitution of 1879, cannot be held to have reference to other specified articles of the Constitution of 1898. In other words, since the adoption of the Constitution of 1898, there appears to be no legislative authority granted the courts to take jurisdiction of contested election cases, and, if this be true as we assert it, this court will of its own motion dismiss the suit herein brought by plaintiffs on the ground of want of jurisdiction.

"An examination of the numerous contested election cases which have been decided by this court since 1898 shows that it has been assumed that Act 106 of 1892, authorizing the institution of contested election suits, is still in force, and applies to elections held under the Constitution of 1898. The question of the repeal of Act 106 of 1892 by the Constitution of 1898, or rather its inapplicability to the articles of the Constitution, does not seem to have been urged or to have been passed upon. If, however, Act 106 of 1892 can be construed so as to apply to elections held under the Constitution of 1898 so as to give the courts jurisdiction to investigate and examine the legality of such elections, there can be no question that all the provisions of that statute apply, and the jurisdiction conferred on the courts is a limited one. The law conferring the jurisdiction limits in clear terms the period within which the courts can take jurisdiction. The suit must be brought within three months from the promulgation of the election, else the right to bring the suit is prevented, and the jurisdiction of the court at an end. Such is the situation in which plaintiffs find themselves in this case. Not having brought this suit within three months, their rights, if any they ever had, have been lost, and the courts are without jurisdiction to entertain this suit. This situation appears on the face of the papers, and the judgment below should have been one of dismissal of the suit."

Defendants quote the syllabus of the court in Taxpayers v. O'Kelly, 49 La. Ann. 1039, 22 South. 311, and a portion of the opinion of the organ of the court in that case. They also refer to Vicksburg R. Co. v. Scott, 52 La. Ann. 512, 27 South. 137; Guillory v. Avoyelles Ry. Co., 104 La. 12, 28 South. 899; Arkansas South. Ry. Co. v. Wilson, 118 La. 395, 42 South. 976; Baucum v. Police Jury, 119 La. 532, 44 South. 289; James v. Railway Co., 110 La. 145, 34 South. 337; Gray v. Bourgeois, 107 La. 671, 32 South. 42; Dimmick v. Opelousas Ry. Co., 123 La. 126, 48 South. 767.

In support of their position that, in the absence of special statutory authorization, courts are without jurisdiction, ratione materiæ, to entertain cases of contested elections, defendants cite State v. Judge, 13 La. Ann. 90 and 41 La. Ann. 846, 6 South. 777. In the

brief filed on behalf of plaintiffs their counsel says:

"The exceptions were overruled by the court and Act 84 of 1896 declared unconstitutional, and, for reasons unnecessary to mention, it also decreed that the ordinances of the police jury ordering the election and levying the tax were null and void. As there is no evidence in the record or which was introduced on the trial to sustain the latter part of the judgment, we submit that the case will have to be remanded if this court has jurisdiction.

"It may be urged that, if this statute ceased to exist or have any operation, the plaintiffs are without any action for the purpose of contesting the election under the well-recognized principle that, in the absence of express law authorizing the contesting of elections, courts were without authority to examine into their validity. Assuming this proposition to be true, the petition discloses a cause of action on behalf of plaintiffs, who are taxpayers, for the purpose of contesting the ordinance of the police jury levying a tax which is the action of a separate body and in relation to a matter subsequent to the election and does not in any manner affect the election."

Plaintiffs' counsel quote the ordinance of the police jury which levied a special tax as reading as follows:

"On motion of O. S. Templet, seconded by J. A. Carville, and unanimously carried, a special tax of two mills on the dollar is hereby levied in the First Ward school district, to be appropriated to secure a site, and to construct one three-room graded school building at or near both New Camp and Sams Town, construct an adequate graded and high school building combined in the town of White Castle, remodel Bayou Goula schoolhouse into an adequate three-room graded school building, or establish and maintain a transfer line from Augusta to Bayou Goula for need of the community, and institute and maintain transfer lines for the school children from the store building of Berthelot Brothers to White Castle, and such other places in said First Ward as may be considered expedient."

He also quotes section 3 of Act 131 of 1898, as follows:

" 'Be it further enacted, etc., that if a majority in number and value of the property tax payers of such parish, municipality, ward or school district, voting at such election shall vote in favor of such levy of said special tax, then the police jury on behalf of such parish, ward or school district, or the municipal authorities for and on behalf of such municipality shall immediately pass an ordinance levying such tax and for such time as may have been specified in the petition, and shall designate the year in which such taxes shall be levied and collected. * * * '

This resolution or ordinance of the police jury is embodied in the petition. It fails to designate or fix the year or years for which said special tax shall be levied or for what period it should be levied annually and the taxable property on which said tax shall be levied. It is a fundamental rule in reference to taxation that there must be a valid levy and any statute on the subject must be strictly pursued. Now assuming for the purpose of argument that the plea of prescription is maintainable and that there is no cause of action to contest the election, it is plain that the petition sets forth a cause of action as to this particular ground and which is admitted by the plea. The plea of no cause of action cannot apply to this portion of the demand of plaintiffs; it presents a particular cause of action."

Referring to the exception of prescription filed by defendant, the plaintiffs say:

"The statute was referred to by this court in the case of Regard v. Police Jury of Avoyelles, 117 La. 954 [42 South. 438], and also in the case of Baucum v. Police Jury, 119 La. 532 [44 South. 289], but it has never made any application to a case of this character. There are no articles of the Constitution of 1898 corresponding to the aforesaid articles in the Constitution of 1879. Our contention is that prescription is stricti juris and cannot be extended by implication, and that, when the Constitution of 1879 ceased to exist, without a reproduction of articles 209, 242, and 250, the special statute enacted under them was impliedly repealed."

Referring to the amended petition filed by plaintiffs, counsel say:

"It sets forth that Act 84 of 1906 is unconstitutional. Article 281 of the Constitution of 1898 authorizes municipal corporations, parishes, and drainage districts in the country parishes to incur or contract debts for certain purposes, and to issue negotiable bonds therefor to the extent of one-tenth of the assessed value of property within said corporation, parish, or drainage district. It will be perceived that school districts were not included in this article as originally adopted and giving the right and power to issue bonds. This was a drawback to the interests of education, and in 1908 the provision of the Constitution was enlarged under Act 300 of 1908 so as to include school districts. Now, if school districts possessed the power under article 232 of issuing bonds to cover a special tax issue, authorized by this article, it was unnecessary to enlarge 281. Article 232 limits the power of taxation of the state to six mills on the dollar of the assessed valuation of property. A restriction was also imposed upon towns, parishes, and public boards which limits them to 10 mills. The proviso of the article allows a special tax in excess of such limitation for certain public improvements. There is, however, no limit to the amount of the

special tax that may be voted. It seems clear in the light of article 281 that it was not the intention of the framers of the Constitution to allow bonds to be issued under article 232. The framers of the Constitution in the past have been jealous in allowing corporations to issue bonds, and it is a well-settled rule of law that they are debarred from exercising any such power without special legislative authority. Act 84 is an evasion and subterfuge, and clearly unconstitutional."

Plaintiffs refer to State ex rel. Ferguson v. Caffery, 49 La. Ann. 1152, 22 South. 756, as being relied on by defendant to sustain the constitutionality of Act 84 of 1906, and as holding a special constitutional statute (Act No. 90 of 1896), which authorized the issuing of bonds on a special election levying a tax under article 209 of the Constitution of 1879, and which article is almost identical with article 232 of the Constitution of 1898, and say in respect to that matter that there is no article in the former Constitution corresponding with that of article 281, and consequently no implied prohibition against the Legislature enacting a statute such as Act No. 90 of 1896, under the general doctrine that, where there are no limitations imposed or created expressly or impliedly, the power to make laws is absolute.

Under article 281, as amended in 1906, granting to school boards the power to issue bonds, and designating the manner in which the power should be exercised, the Legislature by necessary implication was prohibited from conferring upon these boards any additional authority to issue bonds or to provide a different mode. If the Legislature had the power to pass Act 84 of 1906, authorizing school boards to fund special taxes, Act 122 of 1906, including these boards in article 281 of the Constitution, was unnecessary. The school district in the present case was created in 1907, subsequent to the amendment of article 281, including school districts, and, if the people of the district had desired the issuance of bonds, no doubt they would have asked to have the matter submitted to a vote. The whole scheme to issue bonds is an afterthought of the school board, depriving the people of a constitutional right. Act No. 186 of 1904, p. 417, was intended to include sewerage districts, and Act 84 of 1906 was intended to include school districts. We make this mention as there was error in the original brief in referring to the statutes.

Defendants direct our attention to the fact that the amended petition was never put at issue. They say in reference to the judgment of the lower court decreeing Act 84 of 1906:

"No reasons are given in the judgment, so we are at a loss to know on what theory the court reached this conclusion. There is absolutely no prohibition or inhibition in the Constituton of 1898 against the issuance of bonds by school boards based on taxes levied under article 232. All that was needed to authorize the boards to issue such bonds was legislative sanction which has been given in the act above referred to.

"This court has passed upon this very question in the case of State ex rel. Ferguson v. Caffery, 49 La. Ann. 1153, 22 South. 756, where Act No. 90 of 1896 (a special statute) was held constitutional, which act authorized the issuance of bonds based on a special election levying a tax. There Blanchard, J., as the organ of the court, used this very pertinent language:

" 'Suppose the Legislature in enacting Act No. 126 of 1882 to make effective article 209 of the Constitution had added another section authorizing parishes and incorporated towns to issue evidences of debt, such as negotiable bonds, based upon and representing the special taxes voted in aid of works of public improvement, and better to utilize and make available tax obligations, could it be urged against such clause of the law that it in effect amended the charter of all cities and towns in the state by adding a new and important power not hitherto possessed? Clearly not. It would not be considered at all in the light of an amendment to existing municipal charters. It would rather be held to be a further and legitimate means of rendering effective the grant of power contained in article 209, under which works of public improvement can be undertaken.'

"Act 84 of 1906 was, as the act itself specially provides, enacted so as to render effective the grant of power contained in article 232 of the Constitution of 1898, which corresponds to article 209 of the Constitution of 1879."

## Opinion.

The plaintiffs admit that this suit was brought too late if the prescription of three

months can be invoked in bar of this action. They deny, however, that there is any law in existence under which such prescription can be set up. The same reasons which plaintiffs assign for urging that there is no prescription applicable to the case would carry with them as a result the destruction of any right of action in plaintiffs to contest the election held under authority of the police jury on April 9, 1907, for the statute upon which plaintiffs base their right of action to contest the election limits in its second section the right of action to three months. If plaintiffs are forced (as they are) to invoke the statute to sustain their right to such an action, defendants have the undoubted legal right to resist such an action on the ground that it was not instituted within the time limit. Upon the assumption that the district court was authorized to have taken cognizance of this suit had it been brought within the three months after the election, we are of the opinion it should not have done so when instituted as tardily as it was. The trial court erred in overruling defendants' exception of the prescription of three months in bar of plaintiffs' action contesting the election of the 9th of April. It should have sustained that exception.

Plaintiffs contend that their action was not one seeking alone to set aside the election; that they had the right to complain (as they did complain) of the ordinance of the police jury levying (under the election) the special tax voted for thereat as not complying with the requirements of the law on that subject, assuming and conceding the election which was held to have been strictly legal and the proceedings in respect to the same thoroughly regular and legal. They maintain that the sustaining by the court of the plaintiffs' exception of prescription to their demand in so far as it is a contest of the election of April 9, 1907, would not cut off from them the right of resisting any illegal, improper, or insufficient action which might be taken by the police jury in execution or enforcement of the result of that election, assuming the election itself to have been regular and legal; that the effect of the exception of prescription cannot be made to extend so far as to reach that portion of their demand; that it would remain still in force by virtue of the judgment of the district court correctly overruling to that extent defendants' exception of no cause of action.

We are of the opinion that that contention is legally correct, and that defendants' complaint touching the subsequent action of the police jury and not involving the regularity and legality of the election would remain open for examination and decision, notwithstanding the sustaining of defendants' exception of prescription. We think, however, that the district court erred in passing on that branch of the case. The case was never fixed for trial on its merits, and no evidence whatever had been introduced when the judgment of the district court was rendered. There was nothing before the court going to show what action the police jury had taken in execution or enforcement of the vote of the people at the election of the 9th of April, 1907, and nothing to show that the school board proposed to issue and was preparing to issue bonds as alleged in plaintiffs' petition.

It does not appear from the record whether the ordinance of July 1, 1907, of which plaintiffs complain was the ordinance directed to be passed by section 3 of the Act of 1898 or an ordinance passed under section 5 of that act.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from in so far as it overruled defendants' exception of prescription and entirely overruled defendants' exception of no cause or right of action, be and the same is hereby annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that defendants' exception of no cause

of action and no right of action in so far as plaintiffs seek through this demand to contest the election of the 9th of April, be sustained, and as is also the exception of prescription filed by the defendant, and accordingly plaintiffs' demand in so far as it contests the said election of April 9, 1907, is hereby rejected, and their suit to that extent is dismissed. It is further ordered, adjudged, and decreed that the judgment appealed from in so far as it adjudges and decrees that the ordinance of the 1st of July, 1907, levying a special tax on the property in the First Ward and decreeing that Act 84 of the Legislature of 1906 is null, void, and unconstitutional, be, and the same is, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that this cause be remanded to the district court and reinstated therein for further proceedings according to law, costs of appeal to be paid by plaintiffs and appellees.