Argued January 18, decided February 15, 1910.

## BRADBURN v. WASCO COUNTY.

[106 Pac. 1018.]

ELECTIONS—CONTEST—NATURE OF PROCEEDINGS.

1. The determination of election contests is a judicial function only to the extent that such determination is authorized by statute.

ELECTIONS—CONTEST—NATURE OF PROCEEDINGS.

2. The statutory mode of contesting elections is a special proceeding, and the powers of the court in which the proceeding is brought, as well as the mode of procedure, must be determined by the statute alone.

INTOXICATING LIQUORS—LOCAL OPTION—ELECTION—CONTEST.

3. The local option law (Laws 1905, c. 2), does not specifically provide for contesting an election on the question of prohibiting the sale of intoxicants within a county, but Section 9 provides that the provisions of the general election law shall apply so far as applicable to all matters and proceedings not specified in the local option law. Section 2839, B. & C. Comp., permits one desiring to contest the election of any person to any office to give notice thereof in writing to such person, which notice shall be served as a summons, filed with the county clerk, and entered as an appeal case upon the docket of the circuit court. Held, that Section 2839 only applied to contests involving the right to particular persons to an office, and did not authorize a determination of the validity of an election by popular vote under the local option law, so that the circuit court had no jurisdiction to determine such question.

From Wasco:  WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE SLATER.

This is an appeal by Alex. Bradburn and E. Poorman, appellants, against Wasco County, Oregon, and A. E. Lake, County Judge, H. J. Hibbard and C. L. Stoughton,

County Commissioners, acting as a county court of said county of Wasco, respondents, from the circuit court of Wasco County dismissing upon demurrer, for lack of jurisdiction, plaintiffs' notice of contest attempting to challenge by such proceedings the validity of an election held June 1, 1908, in Antelope precinct of that county, upon the question of prohibiting the sale of intoxicating liquors within the entire county, submitted to the voters thereof at the general election, held on said date. The notice contains, in substance, the following averments: That the contestants are residents of, and qualified voters in, Antelope precinct, and were so qualified at the date of the election; that the question to be voted upon was regularly submitted at such election by the authorities designated in the statute; that, according to the official vote, as proclaimed by the canvassing board of that county, there were 98 votes cast in that precinct, of which 50 were for, and 48 against, prohibition, but that nine persons named in the notice who voted at said election were not qualified electors, because they were residents either of another precinct of that county, or of a different county; and that, therefore, their votes were illegal; and that, by reason of said illegal votes being cast in the precinct, the result of the election therein was as proclaimed by the canvassing board; but that, if said illegal votes had not been cast or counted, the result would have been against prohibition in that precinct.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. M. E. Miller.*

For respondents there was a brief and an oral argument by *Mr. Fred W. Wilson,* District Attorney.

MR. JUSTICE SLATER delivered the opinion of the court.

The local option law of this State (Laws 1905, p. 41, c. 2) contains no specific provision for the contest of the result of a vote taken upon the proposition therein author-

ized to be submitted to the voters. It contains a general provision, however, that in all elections thereunder in all matters and proceedings not therein specified the provision of the general election laws of the State shall apply, so far as the same are applicable. Laws 1905, p. 47, c. 2, § 9. It is contended by contestants that the provisions of Section 2839, B. & C. Comp., are applicable to the facts of this case, and sufficient to support the jurisdiction of the court. It provides that "any person wishing to contest the election of any person to any county, district, township, or precinct office, may give notice in writing to the person whose election he intends to contest that his election will be contested, stating the cause of such contest briefly, within thirty days from the time said person shall claim to have been elected." The notice here provided for is to be served as a summons, and filed with the county clerk, who is required to enter the same as an appeal case upon the docket of the circuit court, which thereafter has jurisdiction to try the same.

1. The determination of election contests is a judicial function only, so far as authorized by statute. 17 Cyc. 394; *Taxpayers* v. *O'Kelly*, 49 La. Ann. 1039 (22 South. 311); *State* v. *Judge*, 13 La. Ann. 89.

2. A statutory mode of contesting elections is in every sense a special proceeding and subject to the well-settled rule that the tribunal exercising jurisdiction does not proceed according to the course of the common law, but must resort to the statute alone to ascertain its powers and mode of procedure. *Dorsey* v. *Barry*, 24 Cal. 449; *Linegar* v. *Rittenhouse*, 94 Ill. 208; *Dickey* v. *Reed*, 78 Ill. 261; *Batman* v. *Begowan*, 1 Metc. (Ky.) 533; *Garrard* v. *Gallagher*, 11 Nev. 382.

3. The power of the court to entertain and determine election contests under the section of the general election law here relied upon (Section 2839, B. & C. Comp.), is confined by the terms thereof to cases where the contest

involves the title or right to an office, which, by the very nature thereof, concerns particular persons. It does not confer judicial power to inquire into the validity of an election, in the manner there stated, where a proposition of any sort is submitted to a vote of the people under a statute, which makes no provision for the contest of the election. *Savage* v. *Wolfe,* 69 Ala. 569; *Calaveras Co.* v. *Brockway,* 30 Cal. 325; *People* v. *County Commissioners,* 6 Colo. 202. The court, therefore, was without jurisdiction to hear and determine the matter involved in the notice, and there was no error in dismissing the proceeding.

The judgment is affirmed.                     AFFIRMED.