Argued January 31, affirmed in part, reversed in part,
remanded in part March 5, 1973

BAGLEY ET AL, *Appellants, v.* BEAVERTON
SCHOOL DISTRICT # 48 ET AL (No. 32-989),
*Respondents,* THOMSSEN, *Respondent-
Cross-Appellant.*

507 P2d 39

*Patrick J. Furrer,* Tigard, argued the cause for appellants. On the brief was James F. McCaffrey, Tigard.

*Clifford N. Carlsen, Jr.,* Portland, argued the cause for respondents. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, and Warren C. Deras, Portland.

*Edward J. Sullivan,* County Counsel, Hillsboro, argued the cause and filed the brief for respondent-cross-appellant.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Plaintiffs appeal from a circuit court judgment dismissing their petition contesting a special tax election of Beaverton School District No. 48. The judgment of dismissal was entered pursuant to the trial court finding that plaintiffs failed to file their petition within the statutory period specified by ORS 251.045. Defendant Thomssen, county clerk in charge of elections, cross-appeals from the circuit court's denial of his motion for attorney fees, costs and disbursements.

The record shows: On May 1, 1972 the District submitted to the voters a tax levy. On May 8, 1972 the District Board adopted and filed a certificate of result showing the levy to have been approved by a vote of 7,069 to 5,909. On this same day, plaintiffs allege they went to the business office of the District and made request to examine the records of the election,

and that this request was denied. Plaintiffs further allege that on May 11, 1972 they made another request to examine the records and were again denied access to all records except a list of the names of absentee voters. However, at the time of their second request, plaintiffs say they were advised that the election records would be available in the office of the Washington County Clerk on May 15, 1972. On May 15 plaintiffs say they examined all requested records except approximately 600 challenged ballots, and that a final request to gain access to the approximately 600 challenged ballots was made on May 23 and denied.

On June 26, 1972 plaintiffs filed their petition contesting the election. On July 12 the court heard defendants' motions to quash and dismiss plaintiffs' petition (as amended) and found that plaintiffs had not filed their petition contesting the election within the 10-day period prescribed in ORS 251.045. Judgment was entered dismissing the petition.

ORS 251.045 provides:

"Not later than 10 days after the final canvass of votes or other final compilation of the result of any primary, general or special election * * * any person authorized by ORS 251.025 to contest * * * the approval or rejection of any measure at such election may file a petition of contest with the clerk of the circuit court for the county in which the certificate of * * * proclamation * * * is or will be issued * * *. The petition shall specify with particularity the cause of the contest, *shall name the contestees* * * *." (Emphasis supplied.)

ORS 251.015 (2) provides that a contestee in a contest of a measure on the ballot shall mean "* * * any person involved in the cause of the contest."

Plaintiffs contend that their failure to file the

petition within the 10-day period was not fatal to their contest, that is, that time of filing was not jurisdictional. They urge two grounds in support of this contention. First, plaintiffs argue that the defendants waived any jurisdictional defects arising out of the failure to file within the 10-day period when they entered a general appearance in the case. Second, they argue that their failure to file timely was a result of defendants' denial of access to election records, and that, therefore, the defendants are estopped from asserting untimely filing as a jurisdictional bar. Each argument proceeds upon the assumption that the 10-day filing requirement is capable of waiver or extension.

The effect of plaintiffs' contention is that they want the 10-day filing requirement to be regarded as a statute of limitations, and not as a condition precedent to the right of action. If the requirement is regarded as a statute of limitations, the 10-day period might be susceptible to waiver by consent or action of the parties, and might also be capable of extension in some circumstances. But if the requirement is regarded as a precondition to the maintenance of the action itself, i.e., a fundamental requirement for jurisdiction, the 10-day filing period would not be capable of extension or waiver, and a court would, in no instance, have power or jurisdiction to consider a petition filed after the expiration of the specified 10-day period. *See Fry v. Willamalane Park & Rec. Dist.,* 4 Or App 575, 481 P2d 648 (1971), discussed infra.

Statutes of limitations are distinguishable from statutes which create a right of action not existing at common law coupled with a restriction on the time within which action may be brought to enforce the

right. 51 Am Jur 2d 599-600, Limitation of Actions, § 15 explains:

"* * * Although the general rule is that a true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself, the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also; the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever. The statute is an offer of an action on condition that it be commenced within the specified time, and if the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist and the defendant is exempt from liability."

This rationale is often applied in wrongful death and other tort cases (*see Richard v. Slate*, 239 Or 164, 396 P2d 900 (1964)), but there is no authority to indicate that the distinction should not be applied to all statutes creating rights of action which did not exist at common law.

In *Fry v. Willamalane Park & Rec. Dist.*, supra, this court construed the requirements of ORS 30.275 (1), which directed written notice of a claim (under ORS 30.275) "* * * to be presented to the governing body of the public body within 45 days after the alleged loss or injury." ORS 30.265 (1) eliminates certain common law distinctions between tortious acts of a public body committed in its proprietary rather than in its governmental capacity, and thereby creates rights of action which were not recognized at common law.

Reasoning from this fact, this court concluded that the 45-day notice requirement was in the nature of a condition precedent, and that filing of notice within that period was an indispensable condition to the maintenance of the action.

■■ The right to judicially contest an election did not exist at common law, and is a purely statutory creature. The court's power and procedure are governed by "the statute alone." *Bradburn v. Wasco County,* 55 Or 539, 541, 106 P 1018 (1910). In this sense, the right of action created by ORS ch 251 is indistinguishable from other statutory "rights of action" discussed above. We must assume that when the legislature placed a limit of 10 days after canvass to file an election contest, it intended to provide a dissatisfied taxpayer no more time than that to begin the exercise of the opportunity given to question and incidentally delay the important public business involved. If he could state of a cause of action, he must do it in that time, or lose his statutory right. Therefore, plaintiffs' contention that the 10-day requirement should be deemed waived or extended is without merit. "Jurisdiction cannot be conferred by the parties by consent, nor can the want of jurisdiction be remedied by waiver, or by estoppel * * *." *Wink v. Marshall,* 237 Or 589, 592, 392 P2d 768 (1964).

Defendant Thomssen has cross-appealed from the disallowance of attorney fees, costs and disbursements to him.

■ The trial court granted defendant School District's request for attorney fees, costs and disbursements. Both defendants filed motions for attorney fees pursuant to ORS 251.060(2) and supported those motions with affidavits. The School District's affidavit

claimed 44 hours of attorney time and asked for $1,320. The county clerk's affidavit claimed 13½ hours of attorney time and asked for $390. Thus, it appears each was seeking $30 per hour for attorney time. The parties stipulated that the work had been done and costs incurred in accordance with the affidavits filed. No party contends that the clerk was not properly a "contestee" under the definition of ORS 251.015 (2). Plaintiffs argue that attorney fees should not be awarded in a case which does not proceed to trial and that the amount requested is excessive. We reject the first contention; each party was required to make a court appearance, was served with notice to take deposition, and was required to prepare for and present involved legal argument.

■ Without hearing testimony, the trial court granted defendant School District a $1,000 attorney fee, $320 less than it had requested, and nothing to the defendant Thomssen for the legal services provided him by the county. No reason appears in the record for the disallowance of the county clerk's request. In his brief the clerk said:

"The reason for the denial * * * is that the County (unlike the school district), employs counsel for the conduct of its regular and extraordinary legal affairs * * * and is therefore not at any loss in the denial * * *."

But the clerk contends that under ORS 8.690 his defense is required at county expense, hence a reasonable fee is due to the county for that service under ORS 251.060 (2). That statute provides:

"The *prevailing party* in the contest proceeding *shall* recover his costs, disbursements and reasonable attorney's fees against the losing party * * *." (Emphasis supplied.)

Where similar language was contained in a statute the Oregon Supreme Court said:

> "* * * The language of the statute is mandatory and its directions are explicit. * * * [T]he amount * * * would be the amount determined to be reasonable * * *." *Fisher v. Fred W. German Co.,* 150 Or 507, 511-12, 44 P2d 1076 (1935).

*See also Combs v. Groener,* 256 Or 336, 472 P2d 281 (1970).

When plaintiffs made the county clerk as well as the School District and its officers defendants in the case, they made him a party who was liable to judgment, including attorney fees if he lost the case. If each defendant was not willing to concede judgment in accordance with the complaint, he must defend. To defend he needed and had a statutory right to counsel. ORS 251.060 (2) provides that if he prevails he is entitled to recover attorney fees. That is not made contingent upon the method of the attorney's employment. The court should have awarded reasonable attorney fees to the county clerk.

Affirmed in part, reversed and remanded in part.