Argued and submitted April 23, vacated in part, affirmed in part and reversed and remanded December 12, 1984

## LANE EDUCATION SERVICE DISTRICT,
*Respondent - Cross-Appellant,*

*v.*

## SWANSON,
*Appellant - Cross-Respondent.*

(16-83-03350; CA A29141)

692 P2d 622

Robert D. Durham, Eugene, argued the cause for appellant - cross-respndent. With him on the briefs were Kulongoski, Heid, Durham & Drummonds, Eugene.

Gordon R. Hanna, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs were Frye, Hanna & Veralrud, Lawyers, P.C., Eugene.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff Lane Education Service District commenced what it claims is a declaratory judgment action, contending, *inter alia,* that defendant's election to plaintiff's board of directors is void because he was ineligible to serve on the board on the date of the election. Defendant moved to dismiss the complaint, because plaintiff is not the real party in interest and lacks standing and because the complaint fails to state a claim. The motion was denied and, on cross-motions for summary judgment, the trial court entered a declaratory judgment in favor of defendant, declaring:

"1.  Defendant's employment with plaintiff on March the 29th, 1983, the date of the election, does not affect the validity of his election.

"2.  Since defendant was lawfully elected and has qualified by taking his appropriate oath and is no longer an employe of [plaintiff] plaintiff may not lawfully declare his position vacant or refuse to seat him.

"3.  In view of the foregoing declarations * * * the court need not decide whether plaintiff has the power or authority to declare a vacancy in the office of director or remove a director for reasons other than those set out in ORS 334.095.

"4.  All other issues are moot.

"5.  Costs are awarded to no party * * *."

Defendant then petitioned for an award of attorney fees under ORS 258.046(2), claiming that plaintiff's action is an election contest under ORS 258.006-258.085 and not a declaratory judgment action under ORS ch 28. The petition was denied.

Defendant appeals, contending that the action is an election contest and, because plaintiff failed to meet certain procedural requirements to bring the action, including having standing to sue, it was error to deny the motion to dismiss. Defendant also claims that, because he prevailed on the merits, he is entitled to costs and attorney fees at trial and on appeal. Plaintiff cross-appeals and argues, essentially, that it was error to declare defendant eligible to serve on the board of directors.

Plaintiff is an education service district organized under ORS ch 334 and is governed by a board of directors

consisting of the individually named plaintiffs. Defendant was a permanent teacher employed by plaintiff. On March 29, 1983, while serving in that capacity, he was elected to plaintiff's board for a term to commence July 1. ORS 334.090(2). Defendant's teaching position was to be eliminated for the 1983-84 school year. Because of that reduction in force, plaintiff's superintendent, on March 30, 1983, notified him that he would recommend his dismissal, effective June 16, 1983. Defendant did not contest the dismissal, and the board approved it on April 19, 1983.[1] Defendant, however, retained a right to recall pursuant to ORS 342.934(6).

Defendant was notified by plaintiff's attorney that he must take the oath of office within 30 days of the date of the election. The last board meeting within the 30-day period was scheduled for April 19, 1983. Defendant was informed:

"As an employee of the district you are not presently eligible for the oath of office nor qualified to serve on the board. As counsel to the district, I have advised the board not to give you the oath of office unless your resignation from the district is received and accepted prior to the swearing in."

Defendant attended the meeting but was not sworn in. This action was filed on April 20, 1983. Defendant took the oath of office before a notary on April 26 and again on May 13, 1983, and filed the oaths with plaintiff. On June 21, 1983, after the trial court had denied the motion to dismiss, defendant resigned from all employment with the district. The effect of his resignation was to waive his statutory right to recall.

The complaint for "declaratory judgment" alleges in pertinent part:

---

[1] On March 30, 1983, defendant received a letter from the superintendent:

"As superintendent of the Lane Education Service District, I regretfully inform you of my intention to recommend your dismissal and termination to the board of directors at its regular meeting on April 19, 1983. The dismissal would be effective at the end of your last contract day June 16, 1983."

At the board meeting on April 19, 1983, the board made the following findings:

"(1) [Defendant's] present position will be abolished for permissible reasons set out in ORS 342.935.

"(2) Lane Education Service District has made every reasonable effort to transfer [defendant] to other positions for which he is qualified * * *. The board orders that [defendant's] position with the district is terminated effective June 16, 1983."

"5.   On March 29, 1983 and until the present, defendant was and is an employee of LESD. ORS 334.090(6) provides:

" 'No person who is an employee of an education service district shall be eligible to serve as a member of the education service district board by which the employee is employed.'

"ORS 334.090(3) provides:

" 'Members of education service district boards must qualify by taking the oath of office within 30 days after their election or appointment and before assuming the duties of office.'

"* * * * *

"ORS 258.016 provides:

" 'The nomination or election of any person...may be contested by any elector entitled to vote for the person...or by any person who was a candidate at the election for the same nomination or office, only for the following causes:

" '.....

" '(2)   Ineligibility of the person elected to the office to hold the office at the time of the election.'

"ORS 334.095 provides:

" '(1)   The education service district board shall declare the office of director vacant upon the happening of any of the following:

"* * * * *

" '(b)   When an incumbent is removed from office or the election thereto has been declared void by the judgment or decree of any competent court;

"* * * * *

"6.   Plaintiff contends that the Board, as the district election authority, is required by law to supervise and control all district elections. Plaintiff further contends that such authority coupled with ORS 334.125(3) both allows and requires the Board to determine the validity of district elections.

"Defendant contends that the exclusive method of challenging his election is by strict compliance with ORS 258.016 and related election contest laws. He further contends that neither the district nor board may contest his election.

"7.   Plaintiff contends that ORS 334.095 is directive but

not an exclusive listing of when a board *may* permissibly declare an office óf director vacant as the district election authority.

"Defendant contends that ORS 334.095 contains the exclusive listing of when a board may permissibly declare an office of director vacant.

"8.     Plaintiff contends that the taking of the oath of office by defendant will make him a member of the board on that date of the oath taking. Since defendant is an employee, the board contends he may not legally be administered the oath of office.

"Defendant contends that so long as he does not begin the term of his office until he is no longer an employee of the district, he may legally be administered the oath of office, and, in fact, he must be given the oath of office by the Board.

"9.     Plaintiff contends that defendant's election was void because he was not eligible to serve on the board on the date of election as required by ORS [258.016] and 334.090(6).

"Defendant contends the Board had no standing to raise this issue.

"10.     On April 15, 1983 attorneys for the defendant wrote to LESD counsel threatening legal action if the board 'attempt(s) tó deny Mr. Swanson his right to take the oath of office...' On April 19, 1983 the Board, on advice of counsel, did not administer the oath of office to defendant although he was present and requested it be given.

"WHEREFORE, plaintiff prays:

"That a declaratory judgment be rendered and entered declaring the respective rights and duties of the plaintiff and defendant relative to the validity of defendant's election, the administration of the oath of office to him while employed by the district and whether the board may lawfully declare position #7 vacant. * * *." (Emphasis in original.)

The questions on the appeal are whether plaintiff's action is an election contest and, if so, whether the court erred in denying the motion to dismiss.

We understand the complaint to allege essentially two claims for which plaintiff seeks a declaration. The first concerns defendant's eligibility to serve on the board despite his employment by plaintiff at the time of the election, as alleged in paragraphs 6, 7 and 9 of the complaint. ORS 258.016(2); ORS 334.090(6). The second is defendant's

employment by plaintiff within the time he was required to take the oath of office in order to qualify, as alleged in paragraphs 8 and 10 of the complaint. ORS 334.090(3).

Plaintiff contends that defendant's election was void under ORS 258.016(2), because he was ineligible to hold office on the date of the election by virtue of ORS 334.090(6). ORS 258.016 sets out the exclusive grounds for bringing an election contest. *Bagley v. Beaverton School District,* 12 Or App 377, 507 P2d 39 (1973). A contest may only be brought by an "elector entitled to vote," or by a "candidate." Plaintiff is neither and clearly lacks standing under ORS 258.016(2) to contest the validity of defendant's election.

This court has the duty to notice any failure of jurisdiction. ORCP 21G(4); *Powell v. State Bd. of Pilot Com'r,* 224 Or 122, 126, 355 P2d 224 (1960). Jurisdiction cannot be remedied by waiver, or estoppel. *Wink v. Marshall,* 237 Or 589, 592, 392 P2d 768 (1964); *Bagley v. Beaverton School District, supra,* 12 Or App at 382. For the reasons that follow, we believe that the trial court lacked jurisdiction to declare the validity of defendant's election.

An election contest is a special statutory proceeding; no right existed at common law to contest an election. *Bradburn v. Wasco County,* 55 Or 539, 541, 106 P 1018 (1910); *Bagley v. Beaverton School District, supra.* In *Bradburn,* the plaintiffs contested the validity of an election on the question of prohibiting the sale of intoxicating liquor within the county. They claimed that, if illegal votes had not been cast or counted, the result of the election would have been against prohibition. The statute then in effect permitted any person to contest the election of a person to office. It did not expressly authorize a determination of the validity of an election under the local option law. The Supreme Court affirmed the trial court's dismissal of the action for lack of jurisdiction and stated:

"The determination of election contests is a judicial function only, so far as authorized by statute. * * *

"A statutory mode of contesting elections is in every sense a special statutory proceeding and subject to the well-settled rule that the tribunal exercising jurisdiction does not proceed according to the course of the common law, but must resort to

the statute alone to ascertain its powers and mode of procedure. * * *

"[The statute] does not confer judicial power to inquire into the validity of an election, in the manner there stated * * *. The court * * * was without jurisdiction. * * *" 55 Or at 541-42. (Citations omitted.)

In *Bagley v. Beaverton School District, supra,* the issue was whether the then 10-day filing requirement to commence an election contest was to be regarded as a statute of limitations or as a condition precedent to the right of action. The court reasoned that

"[i]f the [filing] requirement is regarded as a precondition to the maintenance of the action itself, *i.e.,* a fundamental requirement for jurisdiction * * * a court would, in no instance, have power or jurisdiction to consider a petition filed after the expiration of the specified 10 day period." 12 Or App at 380.

The court held that the failure to commence the action within the statutory period was fatal and that the trial court lacked jurisdiction. The court, citing *Bradburn v. Wasco County, supra,* stated:

"In this sense, the right of action created by ORS ch 251 is indistinguishable from other statutory 'rights of action' discussed above. We must assume that when the legislature placed a limit of 10 days * * * it intended to provide a dissatisfied taxpayer no more time than that to begin the exercise of the opportunity given to question and incidentally delay the important public business involved. If he could state a cause of action, he must do it in that time, or lose his statutory right." 12 Or App at 382.

The question becomes what the legislature intended when it expressly limited the class of contestors to electors and candidates. If the legislature intended that specific statutory provision to be an essential jurisdictional prerequisite, then a departure therefrom has the consequence of the failure of the statutory right of action.

■ Plaintiff argues that it has independent statutory authority to determine the validity of the election, because it has the statutory duty to determine when the office of director is vacant pursuant to ORS 334.095. We disagree. Only ORS 334.095(1)(b) is pertinent to the facts of this case. That

section requires the board to declare the office of director vacant when "the election thereto has been declared void by judgment or decree of any competent court." In other words, under ORS 334.095(1)(b) plaintiff would be required to declare an office vacant following a successful election contest prosecuted under ORS 258.006-258.085. To interpret the statute as plaintiff proposes would allow it to contest the election of its board members by commencing a declaratory judgment action without meeting the strict requirements of standing and the other statutory preconditions to bring an election contest. *See* ORS 258.046; ORS 258.055.

Plaintiff prayed for a declaration of the parties' rights and duties "relative to the validity of defendant's election." The court declared that "defendant's employment with plaintiff on March 29, 1983, the day of the election, does not affect the validity of the election." The legislature expressly and specifically limited the "right of action" to electors and candidates. We hold that plaintiff was not entitled to contest the election and that the trial court was therefore without jurisdiction to declare the validity of the election. *Bradburn v. Wasco County, supra; Bagley v. Beaverton School Dist., supra.*

Because plaintiff requested a declaration as to the validity of defendant's election based on his eligibility under the election contest statutes, the action was, in practical effect, an "election contest." In election contests, "[t]he prevailing party * * * shall recover costs, disbursements and reasonable attorneys fees at trial and on appeal against the losing party * * *." ORS 258.046(2). Because defendant prevailed, he is entitled to recover his costs, disbursements and attorneys fees under ORS 258.046(2). *Bagley v. Beaverton School Dist., supra.*

Plaintiff's second claim is that the question of defendant's employment with the district during the time he was required to qualify by taking the oath of office presents a justiciable controversy. As the complaint sets forth, ORS 334.090(6) prohibits employes of the district from "serving" on the board and ORS 334.090(3) requires "members" of the board to qualify and take the oath within 30 days of the election. Plaintiff alleged that "the taking of the oath of office by defendant will make him a member of the board on the date of the oath taking."

Plaintiff contends that, because defendant was an employe on April 19, the date set for the administration of the oath, defendant was not eligible to "serve" as a member of the board. Plaintiff's prayer for declaratory relief requested a determination concerning the "administration of the oath of office [to defendant] while employed by the district" and "whether the board may lawfully declare position number 7 vacant" because of defendant's employment.

"[T]he test of sufficiency of [a complaint for declaratory relief] is not whether it shows that plaintiff is entitled to a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all." *Cabell et al v. Cottage Grove et al,* 170 Or 256, 261, 130 P2d 1013 (1943). A complaint for declaratory relief is legally sufficient if "it alleges the existence of an actual controversy relating to the legal rights and duties of the parties." *Goose Hollow v. City of Portland,* 58 Or App 722, 726, 650 P2d 135 (1982). Plaintiff alleged an actual controversy concerning its duty to administer the oath of office to defendant while he was employed by the district and whether the board could lawfully declare the position vacant. In our reconstructed view of the complaint, the court did not err in denying defendant's motion to dismiss the second claim.

We turn to plaintiff's cross-appeal. Plaintiff argues that the court erred on the merits, *i.e.,* it argues that defendant's election was invalid and that defendant is not eligible to serve. The trial court was without jurisdiction to consider the validity of the election, and so we cannot consider plaintiff's appeal. Plaintiff argues that defendant is not eligible to serve, because he failed to qualify under ORS 334.090(2). ORS 334.090(6) prohibits *service* on the board by an employe of the district. ORS 334.090(2) (since *amended by* Or Laws 1983, ch 379, § 8) provided:[2]

> "The term of office of all members of education service district boards shall begin on July 1 next following the date of election * * *."

---

[2] ORS 334.090(2) now provides:

"The term of office of each director of an education service district shall begin on July 1 next following the date of election * * *."

ORS 334.090(3) (since *amended by* Or Laws 1983, ch 379, § 8) provided:[3]

"Members of education service district boards must qualify by taking the oath of office within 30 days after their elections * * * and before assuming the duties of office."

■ Plaintiff argues that ORS 334.090(3), by referring to "members" of the board, means that defendant became a member of the board on administration of the oath and that, because defendant was then an employe, he was not eligible to serve as a member on that date. ORS 334.090(6). ORS 334.090(3) required defendant to take the oath within 30 days of the election and "before assuming the duties of office." As we construe ORS 334.090(2) and (3), defendant must be eligible to *serve* as a "member" on the date his term of office begins and he assumes the duties of office.

Defendant was not an employe of the district on the date his term of office was to begin. Plaintiff may itself have customarily administered the oath of office. However, that is not a statutory requirement. Before amendment ORS 334.090(3) required that the oath be administered within 30 days of the election. Defendant met this requirement when he took the oath before a notary on April 26. We agree with the court's declaration that "defendant * * * was qualified by taking his appropriate oath and is no longer an employe of the district, [and therefore] plaintiff may not lawfully declare his position vacant nor refuse to seat him."

In summary, we hold that the trial court lacked jurisdiction to declare the validity of defendant's election and that that portion of the judgment must be vacated. The court erred in denying costs and disbursements and attorneys fees on the first claim. The court correctly determined the merits of the second claim.

On the appeal the judgment is vacated in part; affirmed in part; and reversed and remanded for determination of costs, disbursements and attorneys fees. On the cross-appeal the judgment is affirmed.

---

[3] ORS 334.090(3) now provides:

"A director of an education service district must qualify by taking the oath of office before assuming the duties of office."