Argued October 12, reversed and remanded November 9, 1960

COOK *v.* HILL ᴇᴛ ᴀʟ

356 P. 2d 1067

*Wolf Von Otterstedt*, Eugene, argued the cause for appellants. On the brief were Husband & Johnson, Eugene.

*Florence L. Cook*, Eugene, argued the cause and filed a brief in propria persona.

Before MᶜALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

HOWELL, J. (Pro Tempore)

The plaintiff filed a complaint in the circuit court of Lane county against the directors of the River Road Park and Recreation District, contesting the validity of a bond election. A decree was entered in favor of defendants, sustaining the election but denying an award of attorney's fees for defendants. The plaintiff has abandoned her cross-appeal from the adverse decree. The defendants appeal only from that portion of the decree denying attorney's fees.

The defendants' right to attorney's fees depends upon the sole issue of whether ORS ch 251, the election contest general laws, or ORS 545.038, providing for election contests in irrigation districts, applies to the contest in the instant case.

The River Road Park and Recreation District was formed under the provisions of ORS ch 266, providing generally for the organization, powers, and duties of park and recreation districts.

ORS 266.020 provides:

"The vote cast at any and all elections under this chapter shall, unless otherwise provided, be

*canvassed, certified and returned within the time and in the manner provided by the laws relating to elections in irrigation districts in this state."* (Emphasis supplied.)

ORS ch 266 does not provide any method for election contests for park and recreation district elections.

The laws concerning elections in irrigation districts are compiled in ORS ch 545. ORS 545.034 relates to the canvassing; ORS 545.032, to the certifying; and ORS 545.036, to the return or statement of results of the votes cast in an irrigation district election. ORS 545.038 establishes the procedure for contesting an election in an irrigation district.

In 1957 the legislature enacted ch 217, Oregon Laws 1957, which is codified as the present ORS ch 251. ORS 251.025 of this chapter reads:

"The nomination or election of any person for or to any office or the approval or rejection of any measure at any primary, general or special election may be contested as provided in ORS 251.015 to 251.090 by any elector entitled to vote for such person or measure at such election, or by any person who was a candidate at such election for the same nomination or office, for any of the following causes and no other:

"(1) Deliberate and material violation of any provision of the election laws in connection with such nomination, election, approval or rejection.

"(2) Ineligibility of the person elected to the office to hold the office at the time of the election.

"(3) Illegal votes.

"(4) Mistake or fraud in the canvass of votes.

"(5) Fraud in the count of votes."

A "measure" is defined in ORS 251.015(3) as "any proposed law * * * or local, special or municipal

legislation voted upon by the people at any primary, general or special election."

ORS 251.060 of this chapter requires the election contestant to furnish a bond and allows the prevailing party in the contest to recover his costs, disbursements and reasonable attorney's fees against the losing party. No statutory provision for costs and attorney's fees exists in election contests in irrigation districts.

The trial court, in denying an award of attorney's fees, held the plaintiff was proceeding under the provisions of ORS 545.038, the irrigation district statute, and that ORS ch 251 did not apply. Apparently plaintiff conceded in the lower court that she was proceeding under the former statute. Her brief filed in this court takes the same position. We shall decide the issue on the grounds submitted: Does ORS 545.038, the irrigation district statute, or ORS ch 251, the election contest general laws, apply in the instant case?

■ The plaintiff was not entitled to rely upon ORS 545.038 as the basis for her suit. As previously noted, ORS 266.020 provides that the vote cast in park and recreation district elections shall be *canvassed, certified and returned* in the same manner as provided for in irrigation districts. That the acts involved in canvassing, certifying and returning the vote cast are separate and distinct from the contesting of an election is readily apparent. The statute ORS 266.020 is silent as to election contests and does not refer to or incorporate the irrigation district laws in this respect. The plaintiff asserts that we should "infer" the inclusion of election contests in ORS 266.020. We cannot insert what has been omitted. ORS 174.010 states:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not

to insert what has been omitted, or to omit what has been inserted; * * *."

If the legislature intended to include election contests in ORS 266.020, they could easily have expressed it in unmistakable terms by the addition of the few words required.

■ If no method of contest is provided by statute, courts of equity have jurisdiction to determine the legality of an election relating to the adoption or rejection of some local question not involving the election of officers of government. *Marsden v. Harlocker*, 48 Or 90, 85 P 328; *Webb v. Clatsop Co. School Dist. 3*, 188 Or 324, 336, 215 P2d 368.

■ A method of contest was provided in the instant case by the enactment of ORS ch 251. Plaintiff brought herself within the grounds set forth in subds. (1) and (3) of ORS 251.025 by allegations of violations of the Corrupt Practices Act (ORS ch 260) and of illegal votes cast, in her second amended complaint.

As her final contention plaintiff argues that she is not obligated to pay reasonable attorney's fees as the losing party because she was not a "contestant" under the provisions of ORS 251.015(1). The latter section defines a contestant as any person who files a petition of contest under ORS 251.045. If this were controlling, the requirement of posting a bond and payment of costs, disbursements and attorney's fees could be avoided by ignoring the applicable statute.

We conclude that ORS ch 251 applies to the election contest in this case and that defendants are entitled to reasonable attorney's fees as the prevailing party. The cause is reversed and remanded for a determination and award to the defendants of reasonable attorney's fees.