# SCHMITT *v.* STATE TAX COMMISSION

Norman E. Anderson, Portland, argued the cause and submitted a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for defendant rendered June 14, 1962.

PETER M. GUNNAR, Judge.

This is an appeal from State Tax Commission opinion and order No. I-62-5 sustaining against the plaintiffs an income tax deficiency assessment for the tax year 1959. It comes before this court upon a general demurrer by the defendant, and the decision upon the demurrer is determinative of the entire appeal.

The plaintiffs, who are husband and wife, by a written declaration of trust, dated December 28, 1959, created an irrevocable trust of which plaintiff Herman Schmitt is the trustee. To the trust they conveyed a one-sixth interest in a valuable apartment house property during 1959. Under the terms of the trust, all income is to be paid to the plaintiffs, and the survivor of them, during their respective lives, and, upon the death of the last to die of the plaintiffs, the corpus is to go in fee simple in equal shares to the National Lutheran Council and the United Presbyterian Foundation, two alleged religious corporations. In substance, the foregoing facts are alleged in the complaint.

The defendant contends that the remainder over to the two religious corporations is not a valid charitable contribution deductible for Oregon income tax pur-

poses under ORS 316.340 because it is made in trust and not directly. In its material parts, this section reads:

"316.340 Contributions and gifts. (1) In computing net income there shall be allowed as deductions, to an amount not in excess of 20 percent of the taxpayer's adjusted gross income, contributions or gifts within the tax year:

"* * * * * *

"(b) To a corporation, trust, community chest, fund or foundation operated exclusively for religious, charitable, scientific or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *."

The plaintiffs contend that the gift of the remainder interest is a present valid deduction upon the theory that the legislature intended to follow the federal statute which does recognize the instant gift as deductible, that the federal and Oregon statutes are identical in effect, and that the words "or for the use of" in the federal statute in addition to the preposition "to" found in both statutes are redundant and surplusage. No claim is made by the plaintiffs that their trust qualifies under ORS 316.340, which it clearly does not, nor can the commission, by its general demurrer, question the charitable nature of the donee religious corporations.

■ The federal statute, IRC, sec 170, in its material aspects, is identical in substance to ORS 316.340, except that it permits deduction of gifts "to or for the use of" the qualifying organization, while Oregon's statute uses only the preposition "to". Clearly, under this federal statute, though the plaintiffs' trust is not a qualifying organization, the plaintiffs' gifts of re-

mainder interests qualify for deduction, because the clear and well-established meaning of the words "for the use of" is "in trust for." *John Danz,* 18 TC 454 (1952); Rev Rul 194, CB 1953-2, p. 128.

The intent of the legislature must govern the determinations of this court. The issue then is: Did the Oregon Legislature intend that gifts in trust for qualifying organizations be deductible?

██ The only support that can be found for deductibility is the general intent of our legislature to conform to the federal tax procedures, but this intent is not all-inclusive. It is not an abdication of any right to depart from the federal concepts and only applies "when such could be accomplished without sacrifice to legislative independence and yet retain certain distinct and different features from the federal code." *Ruth Realty Co. v. State Tax Commission,* 222 Or 290, 294, 353 P2d 524 (1960).

██ The words "for the use of" are words of art, particularly with respect to gifts and bequests. They certainly are not synonymous with the preposition "to" and would not have been omitted from the Oregon act as tautological or redundant.

█ The court cannot insert into a statute what has been omitted. *Cook v. Hill,* 224 Or 565, 568, 356 P2d 1067 (1960). "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; * * *." ORS 174.010. "If the legislature intended to include * * *" gifts in trust for religious or other qualifying organizations, "* * * they could easily have expressed it in unmistakable

terms by the addition of the few words required."
*Cook v. Hill, supra,* at 569.

At the time of the enactment of the personal income tax act of 1953, of which ORS 316.340 as it reads today was a part, the legislature had before it the federal statutory language, and the *John Danz* case, *supra* (18 TC 454), interpreting that language. It can be presumed, as a matter of fact as well as law, to have been aware of the established legal meaning of the phrase "for the use of" and its omission would appear to have the same clarity of meaning as the inclusion in a statute of a legal phrase or term. *Cordon v. Gregg,* 164 Or 306, 311-12, 97 P2d 732, 101 P2d 414 (1940).

In any event, though a more liberal construction conceivably might permit a court to insert the wording desired by the plaintiffs, we are dealing here with a deduction. As the Supreme Court pointed out in *Keyes v. Chambers,* 209 Or 640, 646, 307 P2d 498 (1957):

> "By reason of their character as legislative grants, statutes relating to deductions in computing income must be strictly construed against the taxpayer and in favor of the taxing authority. [Citing cases.]"

Certainly, where the court is required to construe the statute strictly against the taxpayer, it cannot in good conscience read into the statute a term of art which is not there and which could easily have been inserted by the legislature, had it intended that it be there.

While this court must hold against the contentions of the taxpayers, it finds little reason in public policy for the legislature to depart from the federal law in this instance and to prohibit by a trust arrange-

ment that which it clearly would, and does, permit by a simple deed with a reservation of a life estate. Nonetheless, the granting of a deduction is a question for legislative determination and the taxpayers' remedy must be by statutory amendment, not by judicial interpretation, both strained and improper.

A decree will be entered under Rule 31 sustaining the order of the commission.

Dated this 14th day of June, 1962.*

---

\* Foregoing case appealed. Oregon Supreme Court opinion found in 234 Or 455, 383 P2d 97 (1963).