Argued September 7, affirmed October 13, 1967

HARLEY W. MILLER, *Appellant, v.*
GLADDEN, *Respondent.*

432 P. 2d 518

*M. Chapin Milbank,* Salem, argued the cause and filed briefs for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, Salem, and Helen B. Kalil, Assistant Attorney General, Salem.

Before Perry,. Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

The trial court denied plaintiff's plea for a writ of habeas corpus. He appeals. Plaintiff is confined in defendant's custody on a judgment entered in 1954 on his plea of guilty to the crime of burglary. In 1958, plaintiff was released on parole. He was on parole for more than three years when his parole was revoked by the Oregon State Board of Parole and Probation. Revocation required him to serve the remainder of the original sentence without credit for the time spent on parole. Plaintiff advances the arguments that follow to contend that the order of the Parole Board was invalid and that he is entitled to release.

ORS 144.390 provides that:

"A prisoner recommitted for violation of parole, conditional pardon or probation shall serve out his sentence, and the time during which he was out on parole is not a part thereof."

In the present proceeding plaintiff claims that ORS 144.390 is a bill of attainder and thereby inflicts an unconstitutional legislative penalty. The courts that have considered this argument have rejected it. *Story v. Rives* (CCA DC 1938) 97 F2d 182; *Commonwealth v. Myers,* 1966, 419 Pa 577, 215 A2d 617. We agree with these cases.

Plaintiff also argues that the acts of the members of the Parole Board are invalid because ORS 144.010 unconstitutionally provides that the term of office of the members is for a period of five years.

Article XV, § 2 of the Oregon Constitution prohibits the legislative assembly from creating a term of office for longer than four years. We are not required to decide the question. For even if the term of office is invalid, it would not make void the *de facto* status and acts of the members. As *de facto* members their acts in the present case would be valid. *State ex rel Madden v. Crawford,* 1956, 207 Or 76, 295 P2d 174.

Judgment affirmed.