Argued May 5, writ dismissed May 23, rehearing denied June 20, 1978

STATE ex rel BOE et al,
*Plaintiffs-Relators,*
*v.*
STRAUB, *Defendant.*
(No. 25655)
578 P2d 1247

M. Chapin Milbank, of Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem, argued the cause and filed the brief for plaintiffs-relators.

Arden E. Shenker, of Tooze, Kerr, Peterson, Marshall & Shenker, Portland, argued the cause for defendant. With him on the briefs was Roger K. Stroup, Portland.

Charles N. Hilke, of Marion-Polk Legal Aid Service, Salem, Kent B. Thurber, of Oregon Legal Services, Portland, Robert B. Gillan, of National Senior Citizens Law Center, Los Angeles, and Edward Gaffney, of Center for Constitutional Studies, Notre Dame, Indiana, filed the brief amicus curiae on behalf of Oregon State Council for Senior Citizens.

DENECKE, C. J.

## DENECKE, C. J.

Nine members of the Oregon Senate brought this original proceeding as plaintiffs in the Supreme Court against the Governor of Oregon as defendant. The Senators ask this court to order the Governor to appoint a person to the Board of Examiners of Nursing Home Administrators, subject to confirmation by the Senate Committee on Executive Appointments pursuant to ORS 678.800(5). The Governor appointed a person to the Board who was not confirmed by the Senate committee and this person took the oath of office as a member of the Board. The Governor contends the statute requiring his appointment to be confirmed by the Senate committee is in violation of the Oregon Constitution, primarily Art III, § 1, and, therefore, of no effect.

■ The issue is one of public importance. For this reason we permitted the proceeding to be started in this court rather than in a trial court as is the customary procedure. After considering briefs and oral argument by counsel, however, we are convinced that because of clear commands of the legislature, as expressed in the statutes it enacted, we cannot decide the issue in this proceeding.

The plaintiffs started this proceeding by petitioning this court to issue a writ of mandamus to the Governor. A writ of mandamus is an order "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station." ORS 34.110. The person named as defendant is the person to be ordered to act. Because of its nature mandamus is an extraordinary remedy. The legislature recognized this and provided: "The writ [mandamus] shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of law." ORS 34.110.

There is a "plain, speedy and adequate remedy in

[ 389 ]

the ordinary course of the law" for plaintiffs in this case. The legislature has provided:

> "An action at law may be maintained in the name of the state, upon the information of the district attorney, or upon the relation of a private party against the person offending, in the following cases:
>
> "(1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation either public or private, created or formed by or under the authority of this state; * * *." ORS 30.510[1]

The legislature has made this procedure "an action at law." The plaintiffs do not deny that a member of the Board of Examiners of Nursing Home Administrators is holding a "public office."

As stated, the specific request of plaintiffs is that we order the Governor to appoint a person to the Board who is confirmed by the Senate committee. That request assumes the Governor's appointee is unlawfully holding office, otherwise there is no vacancy. The crux of the case, therefore, is whether the Governor's appointee lawfully or unlawfully holds the office. That is precisely the controversy which the proceeding provided for in ORS 30.510 is designed to determine.

Plaintiffs also orally argued that the statutory remedy was not available because it can only be brought either by the district attorney or a private person who claims to be lawfully entitled to the office in dispute. ORS 30.510 does not so state. It provides that the action may be brought "upon the relation of a private party * * *." We have never before considered the argument that the private person must be entitled to the office in dispute because it has never been raised. However, we have heard and decided cases under this statute brought by parties who were not claiming to be entitled to the office. *See, for example, Bennett Trust Co. v. Sengstacken,* 58 Or 333, 113 P 863

---

[1] The statutes relating to mandamus and quo warranto are generally codifications of the common law of those writs.

(1911); *State ex rel Madden v. Crawford,* 207 Or 76, 295 P2d 174 (1956).

■ The plaintiffs contend the remedy under the statute above quoted is inadequate because it is not speedy. Under the statute they argue that they would have to start in the circuit court, the loser would have to appeal to the Oregon Court of Appeals, and then eventually to this court. Assuming this procedure does not constitute a "speedy" remedy, plaintiffs' argument is nevertheless incorrect.

Art VII, § 2, of the amended Judicial Department Article of the Oregon Constitution provides: "But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings." The statute above quoted, ORS 30.510, "is the statutory equivalent of the common-law writ of quo warranto, and an action commenced under it is generally referred to as a proceeding in quo warranto." *State ex rel Madden v. Crawford, supra* (207 Or at 80-81). Plaintiff could have petitioned this court to take original jurisdiction of a proceeding pursuant to this statute and Art VII, § 2, just as they did in this proceeding.

The plaintiffs also contend that we can decide the case despite the fact that it is not brought under the statute above quoted because it is of "major import to the legislature, the executive branch and to the people of the State of Oregon." As stated, we took the case originally rather than have it go through the ordinary channels because it was of major import. We cannot, however, ignore the accepted limitations upon our jurisdiction to hear and decide mandamus proceedings.

The cases cited by plaintiffs in support of their contention hold merely that this court can take original jurisdiction in a case which this court is authorized by the legislature and the constitution to hear rather than require that the case start in the trial court. *Loe*

*v. Britting,* 132 Or 572, 287 P 74 (1930); *State ex rel Chapman v. Appling,* 220 Or 41, 348 P2d 759 (1960).

■ That the documents in this case are entitled "Mandamus" and the allegations in the documents are allegations relevant to mandamus would not necessarily prevent us from ignoring labels and treating it as the appropriate proceeding which is authorized by statute for this purpose. *See* dissent in *Parmele v. Mathews,* 233 Or 616, 638, 379 P2d 869 (1963). It is not, however, a matter merely of labels and form. The statute requires that the action be brought against "the person offending" and allegedly holding the office unlawfully. In this case that would be the Governor's appointee to the Board but he is not a party to this proceeding. In addition to the requirement of the statute, it would be unfair to conduct a proceeding to try a person's right to office when that person is not a party and cannot defend himself.

■ We have previously decided that the exclusive remedy to decide whether one purporting to act as a public officer is holding office lawfully is a proceeding brought in accordance with ORS 30.510. *State ex rel Madden v. Crawford, supra* (207 Or at 81) (proceeding to determine if under Art VII of the Oregon Constitution a circuit judge could sit as a pro tempore judge of the Supreme Court). *Biggs v. McBride,* 17 Or 640, 651-652, 21 P 878, 5 LRA 115 (1889) (proceeding to determine if railroad commissioner appointed by Governor was lawfully holding office). We reaffirm that position. If the plaintiffs wish to challenge the Governor's appointment, they should do so in accordance with the remedy provided in ORS 30.510, and with the appointee as a named party.

Writ dismissed.