Argued and submitted July 28, reversed and remanded for new trial October 11, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# MARVIN LEE EFFINGER,
*Appellant.*

(87-10-0384 CR, 87-10-0386 CR, 87-10-0387 CR;
CA A50369 (Control), A50423)

780 P2d 768

Mike Kilpatrick, Mt. Vernon, argued the cause and submitted the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his convictions for manufacture and possession of a controlled substance and delivery of a controlled substance to a minor. He assigns as error, *inter alia,* the denial of his motion to suppress.[1] We reverse and remand.

On September 23, 1987, a Grant County Sheriff obtained a warrant to search defendant's ranch. The warrant was signed by Brainard, a purported justice of the peace pro tempore. As a result of the evidence obtained in the search, defendant was charged with manufacture of a controlled substance, ORS 475.992, possession of a controlled substance, ORS 475.992, and delivery of a controlled substance to a minor. ORS 475.995. He was found guilty on all three charges. Defendant contends that the trial court erred in failing to suppress all evidence seized, because the search warrant was invalid. He argues that Brainard was without authority to issue the warrant, because her appointment as justice of the peace pro tempore had expired.

■ A county court has the authority to appoint a temporary justice of the peace under ORS 51.260(2):

> "In the event of a temporary absence or other incapacity of a justice of the peace, the county court, if it deems it in the public interest, may appoint a person possessing the qualifications for election to such office to serve as justice of the peace pro tempore during such absence or incapacity *but not for a period to exceed 60 days.*" (Emphasis supplied.)

The Grant County Court appointed Brainard a justice of the peace pro tempore on April 15, 1987.[2] By statute, that appointment was valid for 60 days and expired on June 14, 1987.

---

[1] Given our disposition of this issue, we need not address defendant's other assignments of error.

[2] The County Court order provides:

"WHEREAS Oregon law provides for the appointment of a Justice of the Peace pro-tem to act in behalf and in the absence of the duly elected Justice of the Peace, and

"WHEREAS the need for such a pro-tem has now arisen, now therefore

"IT IS HEREBY ORDERED that Bertha Brainard, having been duly qualified, shall be and now is appointed Justice of the Peace pro-tem to act in District #1, at the pleasure of the duly elected Justice of the Peace.

"DONE AND DATED 15 April, 1987

"/s/ Lorene Allen, County Judge."

Accordingly, on September 23, 1987, Brainard was not authorized to issue the search warrant.

■　　In its effort to save the convictions, the state urges that we validate the warrant by recognizing Brainard as a *de facto* judge, that is, one who holds and exercises the office under color of lawful authority though having no authority in law or fact. *Madden v. Crawford,* 207 Or 76, 90, 295 P2d 174 (1956). However, the state refers to no facts that would give Brainard color of lawful authority. She was appointed pursuant to ORS 51.260(2), which expressly limited her appointment to 60 days.

Reversed and remanded for a new trial.