Submitted on record and briefs August 6, award of attorney fees reversed; otherwise affirmed October 27, 2004

STATE ex rel Bhagwati P. PODDAR,
Philip N. Tussing, W. T. Ballard
and Saradell Poddar,
*Appellants,*

*v.*

Richard LEE,
Helen Westbrook and Lylla Gaebel,
*Respondents.*

03-2039; A121990

100 P3d 747

Bhagwati P. Poddar, Philip N. Tussing, W. T. Ballard, and Saradell Poddar filed the briefs *pro se.*

Blair J. Henningsgaard filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiffs appeal the trial court's dismissal of their action to remove defendants from their offices as Clatsop County Commissioners. We affirm the trial court on the merits but reverse the award of attorney fees that it made under ORS 258.046.[1]

The material facts are undisputed. In 2001, the voters of Clatsop County approved a revision to the county charter that modified the manner in which county commissioners are elected. Before the revision, candidates for the Board of County Commissioners were nominated for the general election ballot by petition and the candidate for each district who received the highest number of votes in the November election won the election. The revision substituted a nominating election to be held in May. The two top vote-getters in May in each district would face each other in November; however, if one candidate received more than 50 percent of the May vote, his or her name would be the sole name on the November ballot. Defendants were elected to their offices through the new nominating election procedure in 2002.

Plaintiffs style this action as "in the nature of *quo warranto*" under ORS 30.510,[2] seeking to remove defendants from their offices because, as plaintiffs see it, the 2001 revision to the Clatsop County Charter was unlawful. Plaintiffs' theory is that the charter is subject to amendment but not

---

[1] After plaintiffs filed their notice of appeal, they filed a motion to require Clatsop County Counsel to show the authority under which he appears on behalf of defendants. They also moved for sanctions against the county counsel on the ground that he made a misstatement in his response to the first motion. We denied both motions. Plaintiffs then filed a motion for reconsideration of their motion to challenge county counsel's authority. We denied that motion with leave to renew it after the case was submitted. Plaintiffs subsequently renewed their reconsideration motion after the case was submitted to us. We deny their motion without further discussion.

[2] ORS 30.510 provides, in part:

"An action at law may be maintained in the name of the state, upon the information of the district attorney, or upon the relation of a private party against the person offending, in the following cases:

"(1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation either public or private, created or formed by or under the authority of this state * * *."

revision. Defendants moved to dismiss on several grounds, including that plaintiffs failed to state a claim and that the action, properly understood, was really an untimely contest under ORS 258.016 to defendants' election. Defendants requested attorney fees under ORS 258.046.

The trial court concluded that the Clatsop County Charter was lawfully revised. It also concluded that plaintiffs' action was an untimely election challenge and awarded defendants attorney fees under ORS 258.046. Plaintiffs appeal, assigning error to the trial court's dismissal of their action and its award of attorney fees. We affirm without discussion the ruling that the Clatsop County Charter was lawfully revised in 2001. However, we reverse the trial court's award of attorney fees to defendants.

■ An action under ORS 258.016 is the exclusive method to contest election results. *See Bagley v. Beaverton School District*, 12 Or App 377, 382, 507 P2d 39 (1973) ("The right to judicially contest an election did not exist at common law, and is a purely statutory creature. The court's power and procedure are governed by 'the statute alone.'" (quoting *Bradburn v. Wasco County*, 55 Or 539, 541, 106 P 1018 (1910))). It must be filed within 40 days of the election. ORS 258.036. However, an action under ORS 30.510—the statutory equivalent to a *quo warranto* proceeding—is the exclusive method to challenge someone's claim to public office. *State ex rel Boe v. Straub*, 282 Or 387, 392, 578 P2d 1247 (1978) ("[T]he exclusive remedy to decide whether one purporting to act as a public officer is holding office lawfully is a proceeding brought in accordance with ORS 30.510."); *State ex rel Madden v. Crawford*, 207 Or 76, 81, 295 P2d 174 (1956) (holding that the statute is the exclusive "remedy or proceeding by which is determined the legality of a claim which a party asserts to the use or exercise of an office or franchise and ousts the holder from its enjoyment, if the claim is not well founded").

■ The ultimate question in this case is whether plaintiffs are contesting the results of the 2002 election or challenging defendants' lawful entitlement to their offices.[3] If it is

---

[3] The question of whether ORS 258.016, as a later-enacted statute, superseded ORS 30.510 was put to the Supreme Court in *State ex rel McIntire v. Balmer*, 336

an election contest, then the trial court acted beyond its authority in ruling on the merits (because plaintiffs filed the action more than 40 days after the election), but it correctly awarded attorney fees to defendants. ORS 258.046. If the action is an action under ORS 30.510, then the trial court acted within its authority when it ruled on the merits, but it erred in awarding attorney fees to defendants. For the reasons that follow, we conclude that plaintiffs' action is properly understood as an action under ORS 30.510.[4]

The heart of plaintiffs' argument is that defendants' claim to their offices as county commissioners is flawed insofar as it relies on the 2001 revision of the Clatsop County Charter. Properly understood, plaintiffs' argument is that, because the 2001 Clatsop County Charter revision was unlawful, anyone purporting to hold office under that statute exercises authority unlawfully. That argument is analogous to two arguments commonly raised in ORS 30.510 actions: (1) the defendants obtained their offices by the wrong process and (2) the organic document purporting to give them power is invalid. *See, e.g.*, *State ex rel Kirsch v. Curnutt*, 317 Or 92, 95, 853 P2d 1312 (1993) (action to oust directors of county emergency services district on ground that district was invalidly formed); *State ex rel Eckles v. Woolley*, 302 Or 37, 39, 726 P2d 918 (1986) (action to oust directors of State Accident Insurance Fund Corporation on ground that corporation was invalidly formed); *State ex rel Boe*, 282 Or at 392 (holding that an action to oust appointed member of the Board of Examiners of Nursing Home Administrators from office on

---

Or 1, 75 P3d 894 (2003), but the court decided the case on other grounds and in any event did not foreclose the availability of actions under ORS 30.510 to challenge an elected public official's right to office.

[4] In so holding, we assume without deciding that a private party may bring such an action as a relator without the involvement of a district attorney. The Supreme Court has recently suggested that it is concerned about whether the statute allows such an action. *See State ex rel Lincoln Loan Co. v. Court of Appeals*, 336 Or 9, 14 n 3, 76 P3d 109 (2003) ("Our denial of the petition on discretionary grounds makes it unnecessary for this court to address other potential barriers to Lincoln Loan's theory, including the statutory requirement in the *quo warranto* statute, ORS 30.510 to 30.640, of district attorney participation in *quo warranto* proceedings * * *."); *State ex rel McIntire*, 336 Or at 5 n 5 ("The issue [of whether an action under ORS 30.510 must involve a district attorney] is an important one, and this court still is concerned about it. However, for the reasons that we now set out * * *, we conclude that the issue need not be resolved in this case."). Neither party has made an argument on that point, so we do not consider it.

ground that he was not confirmed by Senate must be brought under ORS 30.510); *State ex rel Madden*, 207 Or at 78 (action challenging the manner in which the defendant acquired seat on Oregon Supreme Court); *State ex rel. v. School District No. 23*, 179 Or 441, 443, 172 P2d 655 (1946) (action seeking to enjoin the defendants from exercising authority over school district on the ground that the school district was invalidly formed); *State ex rel Adams v. Powell*, 171 Or App 81, 84, 15 P3d 54 (2000), *rev dismissed*, 334 Or 693 (2002) (action to oust port commissioner from office to which he had been reappointed by governor on ground that his reappointment had been rejected by the Senate).

In contrast, none of plaintiffs' arguments falls within the scope of ORS 258.016. Defendants admit as much with their argument that plaintiffs' complaint fails to state a claim under ORS 258.016. Plaintiffs could not state a claim under ORS 258.016 for the simple reason that this is not an election contest. Plaintiffs argue that defendants' election itself was unlawful from its inception, not that the process or results are unlawful.

The election contest statute, ORS 258.016, provides:

"The nomination or election of any person or the decision on any measure may be contested * * * only for the following causes:

"(1)   Deliberate and material violation of any provision of the election laws in connection with the nomination, election, approval or rejection.

"(2)   Ineligibility of the person elected to the office to hold the office at the time of the election.

"(3)   Illegal votes.

"(4)   Mistake or fraud in the canvass of votes.

"(5)   Fraud in the count of votes.

"(6)   Nondeliberate and material error in the distribution of the official ballots by a local elections official * * *.

"(7)   A challenge to the determination of the number of electors who were eligible to participate in an election on a measure conducted under section 11(8), Article XI of the Oregon Constitution."

Plaintiffs' argument that defendants' claim to public office is based on an unlawful revision to the county charter does not fit within the terms of that statute.

Defendants rely on three cases in which the court recast a plaintiff's action as an election contest as support for their argument that the trial court correctly did so here. But in each of those cases, despite the manner in which the plaintiffs styled their actions, their arguments fit within the terms of the election contest statute, and therefore those cases are distinguishable. *See Cook v. Hill et al*, 224 Or 565, 569, 356 P2d 1067 (1960) (plaintiff purported to bring action under statute providing special election contest proceedings for irrigation districts; court recast as challenge under general election contest proceedings because irrigation district election statute did not apply and plaintiff alleged violations of election laws and illegal votes); *Lane Education Service Dist. v. Swanson*, 71 Or App 328, 336, 692 P2d 622 (1984) (plaintiff purported to bring declaratory judgment action; court recast as challenge under election contest statute because plaintiff challenged defendant's eligibility for office and election contest statute is exclusive); *Stork v. Columbia River P.U.D.*, 58 Or App 51, 55, 646 P2d 1372, *rev den*, 293 Or 634 (1982) (plaintiffs purported to bring action under both election contest statute and statute providing "for judicial review of proceedings in connection with the creation of a PUD," court recast as solely an action under election contest statute because plaintiff alleged violation of election laws). Here, plaintiffs' argument that defendants' claims to office are based on an unlawful revision to the county charter does not fit within any of the seven ennumerated grounds for an election contest. Thus, the trial court erred in concluding that it was such a contest. It follows, therefore, that the trial court erred in awarding attorney fees to defendants under ORS 258.046.

Award of attorney fees reversed; otherwise affirmed.