Submitted May 8, 2015, affirmed August 31, petition for review denied December 8, 2016 (360 Or 697)

# MARSHALL R. MANN,
*Petitioner-Appellant,*

*v.*

## Joe DeCAMP,
Superintendent,
Deer Ridge Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
12C16717; A152797

380 P3d 1080

Lindsay R. Partridge, Judge.

Ryan O'Connor filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## ARMSTRONG, P. J.

Petitioner appeals a judgment that dismissed his petition for post-conviction relief on the ground that it was untimely under ORS 138.510(3) and impermissibly successive under ORS 138.550(3). He contends on appeal that the limitations in those statutes do not apply to a post-conviction challenge to convictions that were entered by a judge who lacked the authority to enter them and are therefore void. Petitioner essentially contends that—for purposes of ORS 138.510(3) and ORS 138.550(3)—there is a distinction between a claim for post-conviction relief based on a lack of judicial authority and all other claims for post-conviction relief. We conclude that the trial court did not err and affirm.

Petitioner was convicted in 1994 of attempted murder, first-degree kidnapping, first-degree assault, and third-degree assault. We affirmed those convictions on direct appeal in December 1995. Petitioner filed a petition for post-conviction relief the following year. The post-conviction court denied petitioner's claims for post-conviction relief four years later. We affirmed the post-conviction judgment in 2001, and the Supreme Court denied review of our decision in 2002.

Petitioner filed a second petition for post-conviction relief nine years later. He alleged, among other things, that the trial judge who presided at his criminal trial in circuit court had taken a judicial oath that authorized him to preside only in district court. He claimed, therefore, that his trial attorney had provided him with constitutionally deficient representation by failing to challenge the legal authority of the trial judge to preside over petitioner's criminal trial.

Defendant moved to dismiss the petition on the ground that it was untimely under ORS 138.510(3), which requires a petitioner to bring a post-conviction petition within two years of the conclusion of the direct appeal of the convictions that the petitioner seeks to challenge. Defendant further contended that the petition was subject to dismissal under ORS 138.550(3), which requires a petitioner to include in the petitioner's original or amended petition all grounds for relief.

Petitioner did not deny in his response to defendant's motion that his petition was untimely and impermissibly successive under those statutes. He contended, however, that, because the trial judge lacked authority to preside over the criminal trial that led to petitioner's convictions, the judgment of conviction that the court entered was void when entered and, therefore, the judgment is "indefinitely subject to collateral attack." On that basis, he reasoned, ORS 138.510(3) and ORS 138.550(3) did not bar him from seeking post-conviction relief.

The post-conviction court granted defendant's motion to dismiss, reasoning that petitioner's claim was untimely under ORS 138.510(3) and impermissibly successive under ORS 138.550(3). The court entered a judgment reflecting its decision, and petitioner appeals that judgment.

Petitioner renews on appeal the argument that he made to the post-conviction court that ORS 138.510(3) and ORS 138.550(3) do not apply to claims, such as his, that are based on a contention that a judgment was entered by a court that lacked authority to enter it. The principal flaw in that argument is that petitioner's post-conviction claim is not one that directly challenges the validity of the 1994 criminal judgment but, rather, is one that challenges the adequacy of his representation by trial counsel. Petitioner's entitlement to post-conviction relief on his claim depends on proving that the 1994 judgment is void, but the claim is nonetheless a claim for ineffective assistance of counsel. There is no principle of which we are aware that would exempt such a claim from the limits imposed by ORS 138.510(3) and ORS 138.550(3).

Moreover, even if petitioner's allegations about the authority of the judge to preside over petitioner's 1994 criminal trial were correct, they would establish, at most, that the judgment that the trial court entered was voidable but not void. A void judgment is one that "has no legal force or effect." *State v. McDonnell*, 343 Or 557, 562, 176 P3d 1236 (2007). A voidable judgment, while "irregular and erroneous," nonetheless has legal force because it was "rendered by a court having jurisdiction." *Id.* When "a trial court has both subject matter jurisdiction and personal jurisdiction,

its judgment, even if erroneous, is not void." *PGE v. Ebasco Services, Inc.*, 353 Or 849, 856, 306 P3d 628 (2013).

Oregon courts have consistently recognized that an action taken by a judge who lacks the authority to take the action is voidable rather than void if the court had subject matter jurisdiction over the case in which the judge acted. For example, in *State ex rel Madden v. Crawford*, 207 Or 76, 295 P2d 174 (1956), the plaintiff challenged the constitutionality of a statute that authorized the Supreme Court to designate circuit court judges to serve as pro tem Supreme Court judges. The Supreme Court agreed with the plaintiff that the statute was unconstitutional. It nonetheless concluded that actions taken by circuit court judges while acting as Supreme Court judges were not subject to collateral attack because the circuit court judges had become "de facto judges" of the Supreme Court. *Id.* at 89-90 (*dictum*).

Similarly, the Supreme Court confirmed in *McDonnell* that a judgment entered by a judge who lacks authority to preside in a case is voidable but not void. There, the court determined that the judge who had presided over the defendant's penalty-phase trial and entered the judgment sentencing the defendant to death had been disqualified from presiding in the case and, hence, had erred in taking those actions. Nonetheless, the court concluded that the error did not deprive the trial court of subject matter jurisdiction, and, therefore, the judgment sentencing the defendant to death was voidable and not void. *Id.* at 570 ("We conclude that a judgment or order issued by a disqualified judge is not void *per se*, but instead is voidable due to the trial judge's procedural error.").

Here, petitioner's allegations establish, at most, that the 1994 judgment of conviction from which petitioner seeks post-conviction relief was entered by a judge who lacked authority to enter it, making the judgment voidable but not void. Whatever relief may be available to challenge a void judgment, petitioner's post-conviction claim is one that is subject to the limitations imposed by ORS 138.510(3) and ORS 138.550(3), as the post-conviction court correctly concluded.

Affirmed.